Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BHAVESH PATEL,<br><br>Defendant. | NO. CR18-5264BHS<br><br>**GOVERNMENT'S MOTION FOR LEAVE TO DISMISS INDICTMENT PURSUANT TO FED. R. CRIM. P. 48**<br><br>**NOTED:  August 24, 2018** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Steven T. Masada and Siddharth Velamoor, Assistant United States Attorneys for said District, respectfully files this Motion for Leave to Dismiss Indictment.  The Government files this Motion pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, which provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a).  As set out below, the Government has determined that venue over the charges arising out of the Defendant's conduct, including charges not included in the Indictment in this case, is more appropriate in the Eastern District of Texas.  The Government accordingly seeks to dismiss this case, in favor of the continued prosecution of the Defendant's conduct in the Eastern District of Texas.

MOT. FOR LEAVE TO DISMISS INDICTMENT
*United States v. Patel*, CR18-5264BHS - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On May 9, 2018, the Defendant was charged by Complaint with Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i)(I), (II), (IV) and (VI), and (ii).  The charge arose out of the Defendant's August 16, 2013 unauthorized access to, and modification of, Catholic Health Initiatives – Franciscan Health (CHI-FH)'s computer servers, which caused CHI-FH's electronic-medical-records system to become unavailable on medical providers' workstations at four CHI-FH facilities in this District.  The Indictment contains that same charge.  *See* Indictment, Docket 10.

After filing the Indictment, the Government determined that this District likely does not have venue over additional charges arising out of the Defendant's conduct, including Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, and other acts of intentional damage committed by the Defendant.[1]  Specifically, in order to make changes to CHI-FH's electronic-medical-records system, the Defendant improperly accessed CHI-FH's computer servers using another contractor's access credentials.  Those computer servers were (and still are) in Collin County, Texas, in the Eastern District of Texas.  The Government understands that the Defendant did not transmit the access credentials to any computers in this judicial District, or make any changes to programming script stored on servers in this District.  In short, the only computer servers that the Defendant directly accessed when committing the offense conduct on August 16, 2013 appear to have been located in the Eastern District of Texas, and not this District.

On the basis of those facts, the Government determined that venue over this action is proper in the Eastern District of Texas.[2]  The Government thereafter referred this case

---

[1] On two occasions after the Defendant was charged, the Government informed defense counsel that it was evaluating additional charges in this case, including Aggravated Identity Theft, which it planned to charge before the statute of limitations in this case expired on August 16, 2018 (five years after the date of the Defendant's intrusion on August 16, 2013.  As soon as it recognized the venue-related concern with the Aggravated Identity Theft charge and its predicate offense, the Government immediately referred the case to the Eastern District of Texas, to provide the United States Attorney's Office in that District.

[2] Rule 18 of the Federal Rules of Criminal Procedure provides, in relevant part, that "the government must prosecute an offense in the district where the offense was committed."  Fed. R. Crim. P. 18.

MOT. FOR LEAVE TO DISMISS INDICTMENT
*United States v. Patel*, CR18-5264BHS - 2

1   to the United States Attorney's Office for the Eastern District of Texas, including with
2   regard to the prosecution of the specific offenses over which that District has venue.

3        The United States Attorney's Office in the Eastern District of Texas accepted the
4   referral.  On August 8, 2018, a Grand Jury in the Eastern District of Texas returned a
5   two-count Indictment charging the Defendant with Intentional Damage to a Protected
6   Computer (relating to the Defendant's damage to computer servers in Collin County,
7   Texas), and Aggravated Identity Theft (for the unauthorized use of another employee's
8   access credentials) (the "Texas Indictment").  *See United States v. Patel*, 4:18CR (E.D.
9   Tex.).  Although both charges in the Texas Indictment arise out of the factual events that
10  give rise to the Indictment in this case, the Texas Indictment is distinct in two ways, both
11  of which relate to conduct over which that District has venue.  Specifically, unlike the
12  Indictment in this case, the Texas Indictment charges: (1) the damage to the programming
13  code on computer servers in the Eastern District of Texas; and (2) the improper use of
14  another employee's access credentials when causing that damage to servers in the Eastern
15  District of Texas.  As set out above, the Government did not charge either type of
16  criminal conduct in this District, after concluding that the location of CHI-FH's computer
17  servers rendered venue improper here.

18       In light of the Texas Indictment, the Government seeks leave to dismiss the
19  pending charge in this case.  Rule 48(a) of the Federal Rules of Criminal Procedure
20  requires the Government to seek leave from the Court before exercising its prosecutorial
21  discretion to dismiss a pending Indictment.  *See* Fed. R. Crim. P. 48(a).  "While the
22  judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a)
23  was not enacted for the purpose of usurping the traditional role of the prosecutor to
24  determine whether to terminate a pending prosecution."  *United States v. Hayden*, 860
25  F.2d 1483, 1487 (9th Cir. 1988).  The touchstone for the Rule 48(a) inquiry is the
26  prosecutor's good faith in seeking dismissal:  "If the district court finds that the
27  prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the
28  motion; conversely, Rule 48(a) empowers the district court to exercise its discretion in

MOT. FOR LEAVE TO DISMISS INDICTMENT
*United States v. Patel*, CR18-5264BHS - 3

1  denying the motion when it specifically determines that the government is operating in
2  bad faith." *Id.*

3      The Government's request to dismiss this case for venue-related reasons in favor
4  of a prosecution in another District is plainly a proper exercise of its prosecutorial
5  discretion to conserve resources and promote efficiency.  *See, e.g.*, *United States v.*
6  *Bryson*, 16 F.R.D. 453, 453 (N.D. Cal. 1953) (granting motion for leave to dismiss under
7  Rule 48(a) based on government's belief that venue was more appropriate in separate
8  judicial district).  Here, the Government seeks leave to dismiss the Indictment because
9  the Texas Indictment covers core conduct over which venue is not proper in this District,
10 including all of the damage that the Defendant caused to the computer servers in the
11 Eastern District of Texas and the Aggravated Identity Theft that he committed in
12 connection with the damage to those servers.[3]  As in *Bryson*, the Government has chosen
13 to prosecute that conduct in the appropriate venue and now seeks to dismiss this case to
14 avoid the cost and burden of partially overlapping parallel prosecutions and trials to the
15 parties and the judicial system.  The trial date in this case is over ten (10) months away,
16 and the bulk of the work performed so far (e.g., assembling and producing discovery and
17 retaining experts) will be equally applicable to the matter in Texas.
18 //
19 //
20
21
22
23
24
25
26
27
28

[3] Aggravated Identity Theft carries a two-year mandatory minimum term of imprisonment.  *See* 18 U.S.C.
§ 1028A(a)(1).

MOT. FOR LEAVE TO DISMISS INDICTMENT
*United States v. Patel*, CR18-5264BHS - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       For the foregoing reasons, the Government respectfully requests leave to dismiss

2  the Indictment in this case, in favor of the pending prosecution in the United States

3  District Court for the Eastern District of Texas.

4       DATED this 13th day of August, 2018.

5

6                       Respectfully submitted,

7                       ANNETTE L. HAYES
                         United States Attorney

8

9

10                    */s/ Siddharth Velamoor*
                      SIDDHARTH VELAMOOR

11                     STEVEN T. MASADA
                      Assistant United States Attorneys

12                     United States Attorney's Office

13                     700 Stewart Street, Suite 5220
                      Seattle, Washington 98101-1271

14                     Telephone: (206) 553-7970

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOT. FOR LEAVE TO DISMISS INDICTMENT
*United States v. Patel*, CR18-5264BHS - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*/s/ Kylie Noble*
KYLIE NOBLE
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903
Telephone: (206) 553-2520
Fax: (206) 553-4440
E-mail: kylie.noble@usdoj.gov

MOT. FOR LEAVE TO DISMISS INDICTMENT
*United States v. Patel*, CR18-5264BHS - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970