THE HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | Case No. 18-CR-5264-BHS |
|---|---|
| Plaintiff, | DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR LEAVE TO DISMISS INDICTMENT |
| vs. | |
| BHAVESH PATEL, | |
| Defendant. | |

The Defendant, Bhavesh Patel, by his attorney, Angelo J. Calfo, hereby files this response to the government's Motion for Leave to Dismiss Indictment ("Motion").

**I.    INTRODUCTION**

As with many prosecutions under the Computer Fraud and Abuse Act ("CFAA"), proper venue in this case may lie in multiple districts. Mr. Patel was first indicted for intentional damage of a protected computer in the Western District of Washington on May 30, 2018, following a Complaint filed on May 9, 2018. He has been represented by undersigned counsel in this matter since May of 2017. Yet after Mr. Patel decided not to enter into a tolling agreement with the government related to the statute of limitations for an aggravated identity theft offense, the government responded by indicting Mr. Patel for both intentional damage to a protected

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

computer and aggravated identity theft in the Eastern District Texas. The government never requested Mr. Patel's consent and cooperation in maintaining venue in the present District for the additional charge, as the DOJ Manual suggests is appropriate under such circumstances.[1] The government now insists upon continuing the prosecution of this matter in the Eastern District of Texas, despite Mr. Patel's willingness to waive any objections to venue in the Western District of Washington for all charges on which he has been indicted. This results in a "substantial balance of inconvenience" to Mr. Patel and is plainly unfair. Mr. Patel intends to file a motion to transfer the Texas Indictment back to the Western District of Washington under Federal Rule of Criminal Procedure 21(b) and "in the interest of justice."[2] In the meantime, the government's machinations with respect to venue in this case should be made part of the record.

## II. ARGUMENT

Mr. Patel, who lives in South Dakota, hired undersigned counsel to represent him in connection with this matter over a year ago, in May of 2017. He selected and retained Seattle-based counsel because the FBI agent handling the government's investigation in this case, Special Agent Michael D. Brown, was and is based in Tacoma. Throughout this time, undersigned counsel was occasionally in contact with Assistant United States Attorney Norman Barbosa. The government ultimately filed a complaint against Mr. Patel in the Western District of Washington on May 9, 2018, Dkt. 6, and Mr. Patel made his initial appearance in this District on May 21, 2018. Dkt. 7. A Grand Jury returned a superseding indictment against Mr. Patel in this District on May 30, 2018 for one count of intentional damage to a protected computer under 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i)(I), (II), (IV), and (ii). Dkt. 10 at 4.

---

[1] *See Prosecuting Computer Crimes*, Computer Crime and Intellectual Property Division, OLE Litigation Services (2014), 117, https://www.justice.gov/sites/default/files/criminal-ccips/legacy/2015/01/14/ccmanual.pdf (referred to herein as "DOJ Manual").
[2] *See* Fed. Rule. Crim. P. 21(b) ("Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to a district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.").

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

Since Mr. Patel's arraignment, this Court has issued deadlines for pretrial motions and set trial for June 18, 2019. Dkt. 26. The parties conferred and agreed upon this trial date, based in part on the complex nature of the evidence at issue in this case, as well as undersigned counsel's commitments in other matters. The government has produced significant discovery thus far, including a terabyte hard drive containing tens of thousands of pages and data files, two forensic reports at issue in a pending *in camera* submission upon which the Court has yet to rule, and a production as recently as August 17, 2018 containing over 18,000 pages of additional discovery. This Court has denied the government's Motion to Seal certain filings and held a hearing regarding the scope of a potential protective order. The Court has not yet ruled upon the government's Submission Regarding Protected Material, Dkt. 33, and Patel's Response to Government's *In Camera* Submission, Dkt. 36, which relate to burdensome restrictions the government has placed upon Mr. Patel's ability to review the discovery produced in this case from his home in South Dakota.[3]

On August 10, 2018, the government unexpectedly informed Mr. Patel's counsel that a Grand Jury in Sherman, Texas had returned a superseding indictment against him for intentional damage to a protected computer and aggravated identity theft. The government's Motion indicates that it "informed defense counsel that it was evaluating certain additional charges in this case, including Aggravated Identity Theft, which it planned to charge before the statute of limitations expired on August 16, 2018." This is misleading: it omits the crucial fact that the government never offered Mr. Patel the opportunity to consent to venue in this District for the additional aggravated identity theft charge before indicting him in Texas, nor did it inform

---

[3] The defense's briefing on this issue included the Declaration of Eric Blank, a computer expert intimately familiar with the Epic software and Unix programming language at issue in this case. Mr. Blank submitted that the government's purported justification for preventing Mr. Patel from viewing the forensic reports was not grounded in fact. The Court has yet to issue a ruling upon this issue; accordingly, Mr. Patel remains unable to view even the redacted versions of the government's forensic reports outside the presence of counsel, even when the government has conceded through its partial redactions that a substantial portion of those reports are not protected material.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

defense counsel that it was considering referring the case to the Eastern District of Texas. To be precise, the government did inform counsel via email that it planned to present a superseding indictment, including a charge of aggravated identity theft under Section 1028A, in July 2018 "in part due to the statute of limitations in this case." *See* Ex. A (7/5/18 Email from AUSA S. Velamoor to A. Calfo). However, the government went on to state that its practice was not to remove aggravated identity theft from any future plea agreement once charged, and, that

> [w]hile we believe that this case clearly falls within the heartland of the aggravated identity theft statute and its Congressional purpose, I anticipate that there may be reasons (e.g., equitable factors regarding Mr. Patel's characteristics and the circumstances of the offense, and/or the victim's interests under the CVRA) for why avoiding the costs and publicity of a trial may justify a plea agreement that does not include that offense. In order to keep that possibility open, while still giving you and Mr. Patel adequate time to evaluate the case, I'm letting you know that we are amenable to postponing our superseding-indictment presentation, provided that you enter into a tolling agreement (of, say, 3 months).

*Id.* The parties were not able to reach an agreement as to the terms of a potential tolling agreement. The government's indictment of Mr. Patel on the additional aggravated identity theft charge in Sherman, Texas followed soon after, without any notice as to the change in venue.

Under these circumstances, the government's abrupt change in venue reeks of pretext. According to the Motion, the government purportedly decided to pursue charges in Sherman, Texas based on its recent "determin[ation] that this District likely does not have venue over additional charges arising out of the Defendant's [alleged] conduct, including Aggravated Identity Theft . . . and other acts of intentional damage[.]" But the government provides no legal rationale for this determination. Moreover, federal courts have held that venue properly lies with respect to an aggravated identity theft offense in any district in which venue lies for the predicate, even when there is no evidence that the defendant "transferred, possessed, or used another person's means of identification within that district." *See United States v. Magassouba*, 619 F.3d

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

202, 206 (2d Cir. 2010); *United States v. Petty*, No. 3:14-CR-498-M, 2018 WL 461128, at *3 (N.D. Tex. Jan. 17, 2018) ("Because the commission of a predicate felony offenses is an essential element of a section 1028A offense, the Court concludes that venue properly lies with respect to an aggravated identity theft offense in any district in which venue lies for the predicate."). The government does not even attempt to explain why venue in this District is suddenly improper for the aggravated identity theft charge at issue here, when it previously determined that this District was a proper venue for indicting the predicate offense of intentional damage to a protected computer.

In fact, the Texas Indictment is essentially identical to the Washington Indictment, but for the removal of certain references to this District, and selective references to aspects of alleged conduct over which it now alleges the Eastern District of Texas has venue. *Compare* Washington Indictment (attached herein as Exhibit B) at ¶ 1 ("the [alleged] Victim Hospital in this case was a Washington non-profit health services company that operated five hospitals and medical centers in the South Sound area of Washington State") *with* Texas Indictment (attached herein as Exhibit C) at ¶ 1 (the [alleged] victim . . . operated hospitals and medical centers throughout the United States"); Washington Indictment at ¶ 2 ("Victim Hospital operated a computer network with medical service providers' workstations located in Pierce County, Washington) *with* Texas Indictment at ¶ 2 ("Victim Hospital operated a computer network with servers located in Collins County, Texas, in the Eastern District of Texas"); Washington Indictment at ¶ 7 (referencing alleged connection between a computer at Mr. Patel's home in South Dakota and the "Victim Hospital's network") *with* Texas Indictment at ¶ 7 (referencing Patel's alleged connection to "Victim Hospital's network's protected computers, consisting of servers in the Eastern District of Texas and elsewhere"). That venue may also be proper in Texas because a server in the computer network is located there does not "render[] venue improper" in the Western District of Washington, when the government originally chose to bring the intentional

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

damage to a protected computer charge, and continues to allege "the entire medical record system at four [hospital] facilities crashed for thirty minutes" as a result of Mr. Patel's alleged conduct. *See* Texas Indictment at ¶ 13. And if the government now believes that Mr. Patel committed crimes exclusively in Texas, it is unclear why the Grand Jury indicted him for conduct committed in "Texas *and elsewhere*" and for the alleged unavailability of the network to the "entire Victim Hospital system." *Id.* at ¶¶ 7, 11 (emphasis added).

Further, the newly indicted aggravated identity theft charge in Texas involves conduct that was specifically referenced both in the Complaint and the Washington Indictment in connection with the intentional damage to a protected computer charge. *Compare* Texas Indictment at Count 2, ¶ 16 ("On or about August 16, 2013, within the Eastern District of Texas *and elsewhere*, the defendant . . . knowingly transferred, possessed and used, without lawful authority, a means of identification of another person, to wit, the username and password to access the Victim Hospital computer network that belonged to M.M., during and in relation to . . . Intentional Damage to a Protected Computer") (emphasis added) *with* Washington Indictment at ¶¶ 6-8 ("On or about August 16, 2013, Patel logged into a virtual private network (VPN) for Victim Hospital using an account in his name that established a connection between a computer in at his home in South Dakota and Victim Hospital's network; [u]pon logging into the VPN, Patel then logged into Victim Hospital's system using the former employee's user account that he had reset.")[4]

The nearly identical indictments returned against Mr. Patel for the same alleged conduct, first in Washington and now in Texas, demonstrate that this case—like many others brought under the Computer Fraud and Abuse Act (CFAA)—is one for which multiple venues may be

---

[4] The Complaint makes plain that the "former employee" at issue in the Washington Indictment is the same "M.M." referenced in the aggravated identity theft charge in the Texas Indictment. *See* Dkt. 6 at 9-12.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

proper. The DOJ Manual for litigating the CFAA explicitly advises that prosecutors may seek waiver of venue from a defendant under such circumstances:

> If no single district has proper venue for all potential counts, prosecutors can either charge the defendant in multiple districts and seek transfer to a single district **or bring all charges in one district and seek a waiver from the defendant**. Rule 20 of the Federal Rules of Criminal Procedure allows transfer of prosecution for purposes of entering a guilty plea from the district where the indictment is pending to the district where the defendant is arrested, held, or present. Similarly, **Rule 21 allows a court to transfer a prosecution for trial, upon the defendant's motion, to another district for the convenience of the parties and witnesses. Note, however, that both rules require the explicit consent and cooperation of the defendant. A defendant may also waive any objections to improper venue, either explicitly or by failing to object when the defect in venue is clear**. *See United States v. Roberts*, 308 F.3d 1147, 1151-52 (11th Cir. 2002); *United States v. Novak*, 443 F.3d 150, 161 (2d Cir. 2006).

DOJ Manual at 112 (emphasis added). Yet the government did not seek waiver from Mr. Patel in this case as recommended. Instead, it indicted Mr. Patel in Sherman, Texas after he did not agree to enter a tolling agreement on the government's terms. The government is now forcing Mr. Patel to continue this litigation in a District located over two thousand miles away from the location of his Seattle-based counsel of choice, in a city in which he has never stepped foot, and in a State in which his attorney of choice is not a member of the bar. This will substantially increase Mr. Patel's costs of defending himself with his counsel of choice and creates significant inconvenience for undersigned counsel,[5] whom Mr. Patel initially selected in part because of

---

[5] Undersigned counsel is neither barred in the State of Texas nor admitted to practice in the Eastern District of Texas and will be required to apply for admission *pro hac vice* to represent Mr. Patel in the pending proceedings there. This may have constitutional significance in connection with Mr. Patel's right to privately retain counsel of his choosing. *See U.S. v. Gonzalez-Lopez*, 54 U.S. 140, 126 S. Ct. 2557 (2006). Moreover, undersigned counsel's lack of familiarity with local rules in a new jurisdiction will increase the overall cost of preparing and filing motions and will likely require consultation with local counsel in Texas (if not mandated by local rule)—again at additional cost to Patel.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 7

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

the government's decision to file the initial charge against him in the present District. The government should not be permitted to manipulate venue to its obvious advantage in this manner.

Mr. Patel has previously represented to this Court that he is of limited resources. Dkt. 22 at 5 (referencing Mr. Patel's limited resources in the context of the government's efforts to restrict his ability to view discovery in South Dakota to confer remotely with his Seattle-based counsel). The additional cost of sending Patel's Seattle-based defense team to represent him at a venue that is a five-hour plane ride from Seattle in both directions, and an hour drive from the closest airport, results in a "substantial balance of inconvenience" to him. *See United States v. Ferguson*, 432 F. Supp. 2d 559, 568 (E.D. Va. 2006) (granting motion to transfer venue and finding that trying the case in the government's chosen venue will result in "substantial balance of inconvenience" to defendants, who would be forced to absorb significant out-of-pocket costs for both travel and hotel accommodations during trial).

Undersigned counsel has informed counsel for the government in both Districts that Mr. Patel intends to move for transfer of the Texas Indictment back to the Western District of Washington under Rule 21(b), just as the DOJ Manual describes. In doing so, any objections Mr. Patel could ever have had to venue in the Western District of Washington will be waived. *See* DOJ Manual at 112 (citing cases). Given Mr. Patel's willingness to waive venue, the government's continued insistence upon trying the case in the Eastern District of Texas makes little practical sense. Among other things, trying this case in Sherman, Texas will be less convenient than the Tacoma, Washington location, not only for Mr. Patel and his defense team, but also for the witnesses involved—including potentially the alleged victim. Based on discovery provided thus far, most of the witnesses in this case appear to be located in or around Tacoma, Washington; Omaha, Nebraska; or Denver, Colorado, among other locations. Due to the geographic diversity of the potential witnesses in this case, many if not most of them, will likely need to fly to the location of trial, wherever it is held. Sherman is objectively less convenient

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200 FAX (206) 407-2224

than Tacoma for travel purposes: according to an internet search, Sherman is located approximately sixty-six miles north of the Dallas-Fort Worth International Airport and requires an additional hour of travel from the airport to reach by car. Based on the Texas Indictment, the only connection to the Eastern District of Texas has to this case is that it is the location of a server in the alleged victim's computer network; to the defense's knowledge thus far, no witnesses are alleged to reside in Sherman, Texas. By comparison, the federal courthouse in Tacoma is under twenty-five miles from SeaTac International Airport, and several potential witnesses who work for the alleged victim hospital are located within the Western District of Washington. The government's refusal to maintain the prosecution in this District appears designed to unfairly prejudice Mr. Patel.

Finally, the government's claim that moving this case to Texas is necessary in order "to avoid the cost and burden of potentially parallel prosecutions" is not credible when the additional prosecution in Texas is a problem entirely of the government's own making. The jurisprudence heavily favors trying cases in the venue where a prosecution is first brought out of consideration for the prosecution's time and resources under these precise circumstances. *See, e.g.*, *U.S. v. Jones*, D.C. 1967, 43 F.R.D. 511 (noting that only rarely and for good cause should a prosecution be moved in the interest of justice from the court in which it was brought and thus from the direction of management of counsel who had prepared it and carried it before the Grand Jury). The government's contention that trying this case in Texas somehow "conserve[s] resources and promote[s] efficiency[,]" when it initially selected this District for prosecution of this case, is dubious at best.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 9

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

### III.   CONCLUSION

Because proceeding with the present litigation in the Eastern District of Texas will result in a "substantial balance of inconvenience" to Mr. Patel, counsel fully anticipates that this matter will ultimately return to the Western District of Washington for trial. It is plainly "in the interests of justice." Fed. R. Crim. P. 21(b). In the meantime, Mr. Patel respectfully requests that the Court grant the government's Motion for Leave to Dismiss the Indictment in this case, along with any other equitable remedy it may deem appropriate for him under these circumstances.

DATED this 20th day of August, 2018.

CALFO EAKES & OSTROVSKY PLLC

By: *s/Angelo J. Calfo*
Angelo J. Calfo, WSBA #27079
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Telephone: (206) 407-2200
Email:  angeloc@calfoeakes.com

*Attorney for Defendant Bhavesh Patel*

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 10

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel registered with the Court's electronic filing system, including the following:

  Siddharth Velamoor    Siddharth.Velamoor@usdoj.gov

  Steven Masada     Steven.Masada@usdoj.gov

             *s/ Erica Knerr*
             Erica Knerr
             Legal Assistant

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR LEAVE TO DISMISS INDICTMENT
(Case No. 18-CR-5264-BHS) - 11

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224