The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BHAVESH PATEL,<br><br>Defendant. | NO. CR18-5264BHS<br><br>REPLY IN SUPPORT OF MOTION FOR LEAVE TO DISMISS INDICTMENT |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Siddharth Velamoor and Steven T. Masada, Assistant United States Attorneys for said District, files this Reply in Support of the United States' Motion to Dismiss the Indictment [Docket 37].

In its Motion, the Government sought only one form of relief from the Court: leave to dismiss the Indictment in this case pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. In its Response, the Defendant makes clear that it has no opposition to the Government's request. *See* Response, Docket 38, at 10:5-6 (agreeing that the Court should grant the Government's Motion). The Government therefore respectfully submits that the Court should treat its request as unopposed and enter the Government's Proposed Order. Following entry of the Proposed Order, the Government will dismiss the Indictment, and this case will be closed.

REPLY IN SUPPORT OF MOT. FOR LEAVE TO DISMISS
*United States v. Patel*, CR18-5264BHS - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Although the Defendant does not oppose the Government's Motion, its Response nonetheless spends several pages on an inaccurate and speculative account of the events that give rise to the Motion; namely, the Government's decision to refer certain charges to the U.S. Attorney's Office in the Eastern District of Texas for that Office's review. The Government does not believe that it is either necessary or productive to engage in a line-by-line rebuttal of the Defendant's various assertions, given the irrelevance of those assertions to any issue presently before this Court. However, the Government makes certain fundamental points to perfect the record.

First, contrary to the Defendant's assertions, the Government's venue-related concerns are not "pretext[ual]."[1] Rather, the venue-related concerns posed by an aggravated-identity-theft charge arising out of the Defendant's misuse of another contractor's access credentials from his home ***in South Dakota*** to damage servers ***in Texas*** are facially apparent. Critically, the aggravated-identity-theft charge in Texas is predicated upon intentional damage to a computer located in the Eastern District of Texas, and not any computer in this District.[2] The conduct charged in Texas – *i.e.*, the damage to a protected computer and the aggravated identity theft committed during and in relation to that damage – was not committed in this District.[3] The Government therefore referred those charges to the appropriate prosecutorial authority, after the parties could not agree on a tolling agreement just weeks before the statute of limitations expired.

---

[1] *See* Response, at 4:16. Before the Response was filed, counsel for the Government offered to provide defense counsel with citations to the legal authorities that the Government relied upon when analyzing whether this District has venue over an aggravated-identity-theft offense.

[2] To the extent this District lacks venue over the intentional-damage charge arising out of damage to a protected computer in Texas, it also (necessarily) lacks venue over any acts of aggravated identity theft committed during and in relation to that conduct. *See* Response, at 4:21-23 ("[F]ederal courts have held that venue properly lies with respect to an aggravated identity theft offense in any district in which venue lies for the predicate.").

[3] Defendant notes linguistic similarities between the Indictments in this case and in Texas, *see* Response, at pp. 5-6, but those areas of overlap do not change the fundamental fact that the elements of the Texas charge are fundamentally different from the elements of the charge in this case. Whereas the jury in this District would have been instructed to find damage to a computer located here, the jury in Texas will be instructed to find damage to a computer located in the Eastern District of Texas.

REPLY IN SUPPORT OF MOT. FOR LEAVE TO DISMISS
*United States v. Patel*, CR18-5264BHS - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Second, the Government elected not to request that the Defendant waive venue over the charges referred to Texas in light of: (1) the significant prudential reasons to prosecute crimes that occurred in Texas in the District where those crimes occurred; (2) the early stage of the litigation in this District; and (3) the very low probability that the Defendant would waive his Constitutional right to venue over charges that may not have been accepted by another District for prosecution. More specifically:

- Apart from the location of defense counsel,[4] no meaningful connection exists between this District and the charges in Texas. The compromised servers are in Texas, CHI's Information-Security team (which investigated, and prepared the forensic report describing, the damage to its servers) is in Texas,[5] and a former employee who the Defendant contacted in an effort to destroy logged evidence on the server lives in Texas. Evidence of intentional damage to workstations in this District is not an element of the charges in Texas, as it was for the charge in this District. Even potential witnesses located outside Texas, including the Defendant, live closer to the Eastern District of Texas than to this District.

- This litigation has not progressed to a substantive stage. The parties are still litigating the conditions under which the Defendant will be permitted to review the evidence against him, and no protective order has yet been entered, in light of the Defendant's request for partial reconsideration of the Court's earlier ruling on that issue. The pretrial motions deadline is almost five months away, and the trial date is almost ten months away. The Government properly

---

[4] The Response implies that the burden to defense counsel (who previously has represented clients in disputes all over the country) of having to litigate in Texas somehow implicates the Defendant's right to counsel of his choosing. *See* Response, at 7, fn. 5. But the Defendant's right to choose his counsel obviously does not mean that he is entitled to litigate in a forum that is most convenient for his chosen counsel.

[5] CHI informed the Government that it opposes the prosecution of the Texas-based charges in this District, due to the location of its Information-Security team, which investigated the damage caused to the Texas servers.

REPLY IN SUPPORT OF MOT. FOR LEAVE TO DISMISS
*United States v. Patel*, CR18-5264BHS - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  determined that dismissal of the pending charge in this District was far more
2  efficient than prosecuting crimes that occurred elsewhere in this District.
3  - Since this case was filed, the parties have failed to reach agreement on two
4  separate tolling agreements, an extension to the speedy-indictment deadline, a
5  stipulated protective order, and other matters that have arisen during the
6  litigation. Those failed negotiations have resulted in the expenditure of
7  considerable time and resources. On July 17, defense counsel informed the
8  Government that it would not enter into a draft tolling agreement that it had
9  sent the Government just days earlier, leaving the Government with weeks
10 before the expiry of the statute of limitations. After determining that serious
11 venue-related concerns militated against pursuing charges under consideration,
12 the Government elected not to expend scarce time and resources futilely
13 requesting that the Defendant waive venue over those charges, without either
14 party even knowing if the charges would be accepted for prosecution in the
15 appropriate District. In choosing not to pursue that waiver, the Government
16 was mindful of the prudential concerns set out above, the victim's interests, the
17 stage of this litigation, and the reality that even a valid venue waiver can pose
18 ongoing litigation risk.[6]

//
//

---

[6] For instance, a valid waiver of venue can lose effect if the Government fails to preserve its ability to rely on the waiver, *see United States v. Obak*, 884 F.3d 934, 937 (9th Cir. 2018), or if defense counsel does not adequately confer with his client before agreeing to a waiver, *see United States v. Hon*, 17 F.3d 21, 27 (2d Cir. 1994) (explaining that venue waiver was not ineffective assistance because defendant was consulted beforehand).

REPLY IN SUPPORT OF MOT. FOR LEAVE TO DISMISS
*United States v. Patel*, CR18-5264BHS - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1     For the foregoing reasons, the Government respectfully requests that the Court grant the unopposed Motion for Leave to Dismiss the Indictment, and enter the Proposed Order attached thereto.

DATED this 23rd day of August, 2018.

                                              Respectfully submitted,

                                              ANNETTE L. HAYES
                                              United States Attorney

                                              *s/Siddharth Velamoor*
                                              SIDDHARTH VELAMOOR
                                              STEVEN T. MASADA
                                              Assistant United States Attorneys
                                              1201 Pacific Avenue, Suite 700
                                              Tacoma, Washington 98402
                                              Telephone:   (206) 553-7970
                                              Fax:           (206) 553-0755
                                              E-mail: siddharth.velamoor@usdoj.gov

REPLY IN SUPPORT OF MOT. FOR LEAVE TO DISMISS
*United States v. Patel*, CR18-5264BHS - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

*/s/ Siddharth Velamoor*
SIDDHARTH VELAMOOR
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax: (206) 553-0755

REPLY IN SUPPORT OF MOT. FOR LEAVE TO DISMISS
*United States v. Patel*, CR18-5264BHS - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800