UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BHAVESH PATEL,

    Defendant.

CASE NO. CR18-5264 BHS

ORDER GRANTING THE GOVERNMENT LEAVE TO DISMISS INDICTMENT

This matter comes before the Court on the Government's Motion for Leave to Dismiss Indictment Pursuant to Fed. R. Crim. P. 48(a). (Dkt. 37). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 9, 2018, the Government charged Defendant Bhavesh Patel ("Patel") by way of complaint with one count of Intentional Damage to a Protected Computer Without Authorization, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i)(I), (II), (IV) and (VI), and (ii). Dkt. 1. The charge arose out of Patel's alleged interference through improper access to, and modification of, a computer system operated by Catholic Health

ORDER - 1

Initiatives-Franciscan Health ("CHI") on August 16, 2013. *Id.* On May 30, 2018, a grand jury returned an indictment against Patel with the same charge. Dkt. 10. Subsequently, the Government determined that Patel's alleged interference with CHI's protected computer actually occurred in Collins County, Texas, the location of CHI's computer servers, as opposed to here in the Western District of Washington, where much of the effect caused by an ensuing crash to CHI's computer network was felt. The Texas location of CHI's server caused the Government to question whether venue over the charge and an additional charge it contemplated adding, Aggravated Identity Theft in violation of 18 U.S.C. § 1028(a), was proper in the Western District of Washington. *See* Dkt. 37 at 2:9–12.

In July 2018, the Government and Patel unsuccessfully attempted to negotiate a tolling agreement regarding the five-year statute of limitations for the additional charge. After Patel decided not to enter into any tolling agreement, the Government, running up against an August 16, 2018 deadline and uncertain whether venue was proper in the Western District of Washington, chose to obtain a superseding indictment against Patel in the Eastern District of Texas. The Texas indictment contained both charges and was filed on August 10, 2018. The Government now seeks leave of this Court to dismiss its indictment here in order to pursue one prosecution in Texas.

On August 13, 2018, the Government filed its motion. On August 20, 2018, the Defendant responded. Dkt. 38. On August 23, 2018, the Government replied. Dkt. 39.

## II. DISCUSSION

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The court's decision to grant or deny the prosecution leave to dismiss implicates the doctrine of separation of powers because, "[u]nder our system of separation of powers, the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the Attorney General or his delegates, the United States Attorneys." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000) (citing *United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986)). The Ninth Circuit has emphasized that when the government moves for leave to dismiss an indictment, the district court's discretion to deny that request is limited. *United States v. Gonzalez,* 58 F.3d 459, 461 (9th Cir. 1995); *Garcia-Valenzuela*, 232 F.3d at 1007 n.4 (noting that while the court's decision is reviewed for abuse of discretion, the court's discretion under Fed. R. Crim. P. 48(a) is more limited than its discretion to reject a plea bargain under Fed. R. Crim. P. 11(c)(3)(a)). Because a decision to dismiss an indictment implicates concerns uniquely suited to the executive branch, *Gonzalez*, 58 F.3d at 462, "a district court is limited in its ability to second-guess the government's decisions on whether and what to prosecute." *Garcia-Valenzuela*, 232 F.3d at 1007.

The district court should, however, review the government's request for leave to dismiss under Rule 48(a). *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). The object of the "leave of court" requirement, a departure from the near-unlimited discretion the government enjoyed under the common law, is "to protect a defendant

against prosecutorial harassment, e. g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). Therefore, an appropriate inquiry is whether the government has acted in good faith in seeking dismissal. *Hayden*, 860 F.2d at 1487. When the court cannot make a specific determination that the government has acted in bad faith, it should grant the government's motion for leave to dismiss under Rule 48(a). *Id.*

Here, Patel has failed to submit evidence or argument supporting a finding of bad faith. While the Government also fails to provide legal authority for its determination that venue, at least in regards to the underlying charge of Intentional Damage to a Protected Computer, is improper, the Government retains discretion to bring charges in any proper venue absent a showing of bad faith.[1] Moreover, the Government has adequately demonstrated that its request for leave to dismiss this indictment is based upon the venue-related considerations cited throughout its briefing; considerations such as the Texas location of the protected computer server[2] and some of the witnesses, and judicial

---

[1] As Defense correctly points out, at least two circuits have held that in respect to an aggravated identity theft offense, venue properly lies in any district in which venue is proper for the predicate offense. *See* Dkt. 38, 4:22–5:8. The Government did not address this point in its reply.

[2] The Government maintains that venue is improper in the Western District because CHI's computer server is located in Texas. But the Government does not go so far as to state that it cannot prove its charges here, where the vast majority of damage to CHI's computer "workstations" and "network" was felt. *See* Dkt. 10, *supra*. Given the prosecution's obligation to bring criminal charges "where the offense was committed," Fed. R. Crim. P. 18, this question may have merit—but the Court declines to reach it given the absence of bad faith as reasoned above.

economy in limiting parallel prosecutions. Finally, the charge against Patel was filed in May 2018, has been pending less than four months, and trial remains set ten months away. Therefore, the Court grants the Government leave to dismiss.

While the defense sets forth numerous reasons why the Court should deny the Government's motion, in conclusion, it ultimately asks the Court to grant it. Dkt. 38 at 10:5–6.[3] This is another basis for the Court to grant the motion. *See Rinaldi*, 434 U.S. at 29 n.15 (observing that when a defendant consents to the prosecution's dismissal request under Rule 48(a), the court may not have any discretion to deny it).

### III.  ORDER

Therefore, it is hereby **ORDERED** that the Government's motion (Dkt. 37) is **GRANTED**. The indictment is **DISMISSED**, and the Clerk shall close this case.

Dated this 30th day of August, 2018.

BENJAMIN H. SETTLE
United States District Judge

---

[3] The Government concludes that Patel purposefully takes this position. Given the length of the content in defense counsel's response, however, it is possible that his conclusion inadvertently misstates his position. However, defense counsel did not file a praecipe under Local Rule 7(m) or otherwise make efforts to correct the somewhat confusing discrepancy, if any. As a result, the Court has performed the more detailed analysis of a contested motion.